IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GERALINE JONES<br>40 Seitz Terrace<br>Poughkeepsie, NY 12603<br><br>and<br><br>TSCHARNER KEMBLE<br>164-27 109th Street<br>Jamaica, NY 11433<br><br>Plaintiffs,<br><br>v.<br><br>DUTCHESS DIALYSIS CENTER<br>2585 South Road, Hudson Plaza<br>Poughkeepsie, NY 12601<br><br>Defendant. | CIVIL ACTION<br><br>CASE NO.:<br><br><br>JURY TRIAL DEMANDED<br><br>08 CIV 4534<br><br>BRIEANT |

### CIVIL ACTION COMPLAINT

Plaintiffs, Geraline Jones and Tscharner Kemble, (hereinafter, referred to as "Plaintiffs"), by and through their undersigned counsel, hereby avers as follows:

### I. INTRODUCTION

1. This action has been initiated by Plaintiff for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1981 and the New York Human Rights Law (NYHRL). Plaintiffs allege that they were subjected to unlawful religious, national origin and racial discrimination. As a direct consequence of Defendant's unlawful actions, Plaintiffs seek damages as set forth herein.



## II. JURISDICTION AND VENUE

2. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

3. The United States District Court for the Southern District of New York has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

4. Venue is properly laid in this District pursuant to 28 U.S.C. sections 1391(b)(1) and (b)(2), because Defendant resides in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## III. EXHAUSTION OF REMEDIES

5. Plaintiffs have exhausted the procedural and administrative requirements for proceeding under Title VII of the Civil Rights Act of 1964. In particular:

(a) Plaintiffs filed timely written charges of discrimination with the Equal Employment Opportunity Commission (hereinafter referred to as "EEOC");

(b) The EEOC issued a notice that it was dismissing Plaintiffs EEOC charge(s) and issued a Right-to-Sue letter; and

(c) Plaintiffs have filed the instant action within ninety (90) days of receiving the aforesaid Right-To-Sue letter and notice of dismissal.

## IV. PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiffs are adult individuals with addresses as set forth above.

8. Defendant Dutchess Dialysis Center is a medical facility that provides out-patient treatment for individuals and is located at the address as set forth above.

9. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendant.

## V. FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff Jones was hired by Defendant in or about July of 2005 and during her tenure with Defendant, she was employed as a patient care technician.

12. Plaintiff Kemble was hired by Defendant in or about January of 2005 and during her tenure with Defendant, she was employed as a registered nurse.

13. Plaintiffs are black females and at all relevant times herein, have been practicing Seventh-Day Adventists.

14. During their employment with Defendant, Plaintiffs requested off on their Sabbath, which lasts from sundown on Friday to sundown on Saturday.

15. As a result of daylight savings, however, the time of their arrival on Saturday evenings varied, depending on the time of year.

16. Plaintiffs were informed that they would only be permitted to take time off for their Sabbath if they found another employee to work their shifts.

17. Plaintiffs were able to do so for a period of time but eventually, Defendant began scheduling them to arrive on Saturday evenings at 6:00 p.m., prior to sundown.

18. Plaintiffs informed Defendant that they could not arrive at work until after sundown on Saturdays and that, as a result, they would not be able to report to work until one hour after sundown.

19. Despite Plaintiffs' repeated requests, Defendant continued to schedule them to work on Saturdays at 6:00 p.m.

20. Plaintiffs received multiple disciplinary warnings and suspensions as a result their inability to arrive to work at 6:00 p.m. on Saturdays.

21. Both Plaintiffs complained that they were being discriminated against because of their religious beliefs.

22. In July of 2007, Defendant informed Plaintiffs that they could either alter their status from full-time to part-time or be subjected to termination.

23. In July of 2007, Plaintiffs received a letter informing them that they were terminated.

24. As a direct and proximate cause of Defendant's actions, Plaintiffs have suffered lost earnings, humiliation, emotional distress, and other damages.

25. Plaintiffs' termination was based on their race, national origin, religion, and in retaliation for complaining about religious discrimination.

## Count I
### Violation of Title VII of the Civil Rights Act of 1964
### (Religious Discrimination- Failure to Accommodate)

26. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

27. Plaintiffs were not offered a reasonable accommodation regarding their bona-fide religious beliefs and practices.

28. Defendant could have offered Plaintiffs a reasonable accommodation without suffering an undue hardship.

29. Defendant's actions constitute violations of Title VII of the Civil Rights Act of 1964.

## Count II
### Violation of Title VII of the Civil Rights Act of 1964
### (Religious Discrimination- Unlawful Termination)

30. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

31. At all times relevant herein, Plaintiffs held a bona-fide religious belief because they are members of the Seventh-Day Adventists religion.

32. During their employment with Defendant, Plaintiffs' religious beliefs conflicted with an employment requirement.

33. Plaintiffs informed Defendant about their religious beliefs and their need for time off on their Sabbath.

34. Plaintiffs were repeatedly disciplined for their failure to comply with the conflicting employment requirement.

35. Plaintiffs were also terminated for their failure to comply with the conflicting employment requirement.

36. Defendant's actions constitute violations of Title VII of the Civil Rights Act of 1964.

### Count III
### Violation of Title VII of the Civil Rights Act of 1964
### (Race/National Origin Discrimination)

37. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

38. At all times relevant herein, Plaintiffs were black females.

39. Plaintiff Jones was born in St. Lucia.

40. Plaintiff Kemble was born in Jamaica.

41. Defendant unlawfully disciplined and terminated Plaintiffs because of their race and national origin.

42. Defendant's actions constitute violations of Title VII of the Civil Rights Act of 1964.

### Count IV
### Violation of Title VII of the Civil Rights Act of 1964
### (Retaliation)

43. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

44. During their employment with Defendant, Plaintiffs complained that they were being discriminated against because of their religion.

45. Shortly thereafter, Plaintiffs were repeatedly disciplined and terminated.

46. Defendant's actions constitute violations of Title VII of the Civil Rights Act of

1964.

### Count V
### Violation of 42 U.S.C. §1981
### (Race/National Origin Discrimination)

47.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

48.     At all times relevant herein, Plaintiffs were black females.

49.     Plaintiff Jones was born in St. Lucia.

50.     Plaintiff Kemble was born in Jamaica.

51.     Defendant unlawfully disciplined and terminated Plaintiffs because of their race and national origin.

52.     Defendant's actions constitute violations of 42 U.S.C. §1981.

### Count VI
### Violation of New York Human Rights Law
### (Religious/Racial/National Origin Discrimination)

53.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

54.     These actions as aforesaid also constitute violations of the New York Human Rights Law.

### Count VII
### Violation of the New York Human Rights Law
### (Retaliation)

55.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

56.     These actions as aforesaid also constitute violations of the New York Human Rights Law.

**WHEREFORE**, Plaintiffs pray that this Court enter an Order providing that:

A. Defendant is to be permanently enjoined from discriminating against and/or harassing Plaintiffs on any basis forbidden by the aforesaid federal and state laws;

B. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating against employees and is to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

C. Defendant is to compensate Plaintiffs, reimburse Plaintiffs, and make Plaintiffs whole for any and all pay and benefits Plaintiffs would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority (if applicable). Plaintiffs should be accorded those benefits illegally withheld from the date they first suffered discrimination at the hands of Defendant until the date of verdict;

D. Plaintiffs are to be awarded punitive damages under their claims set forth herein in an amount believed by the trier of fact to punish Defendant for their willful, deliberate, malicious and outrageous conduct, and to deter Defendant or other employers from engaging in such misconduct in the future;

E. Plaintiffs are to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendant's actions, as permitted by applicable law;

F. Plaintiffs are to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate.

G. Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal law;

H.  Any verdict in favor of Plaintiffs are to be molded by the Court to maximize the financial recovery available to Plaintiffs in light of the caps on certain damages set forth in applicable federal law;

I.  Plaintiffs' claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiffs have also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

                                            **KARPF, KARPF & VIRANT, P.C.**

Adam C. Virant (AV 5429)
140 Broadway, 46th Floor
New York, NY 10005
(212) 929-6030

Dated: May 13, 2008